## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | | |
|---|---|---|
| MARIA N. ROQUE GUEVARA, ELSY BERMUDEZ AMAYA, | * | |
| JOSE R. BONILLA OCHOA, SANTOS GONZALEZ AYALA, | * | |
| JONATAN A. CABRERA GARCIA, JOSE E. GUERRA, | * | |
| BRAYAN E. CABRERA YUMAN, JOSE E. CARDO GUERRA, | * | |
| MIGUEL A. CAMPOS VASQUEZ, JOSE E. CHACON CANO | * | |
| LUIS LANUZA LANUZA, and JARIN B. TZUNUX RETANA | * | |
| c/o Zipin, Amster & Greenberg, LLC | * | |
| 8757 Georgia Avenue, Suite 400 | * | |
| Silver Spring, MD 20910 | * | |
| | * | |
| PLAINTIFFS, | * | |
| | * | |
| v. | * | Case No.: |
| | * | |
| AARON ELECTRIC INC. | * | C-16-CV-23-003905 |
| 5013 Boydell Avenue | * | |
| Oxon Hill, MD 20745 | * | |
| | * | |
| Serve: Leo Argueta | * | AG |
| 5013 Boydell Avenue | * | |
| Oxon Hill, MD 20745 | * | |
| | * | |
| PABLO A. PORTILLO ARGUETA | * | |
| 5013 Boydell Avenue | * | |
| Oxon Hill, MD 20745 | * | |
| | * | |
| INTEGRATED DESIGN BUILD, INC. | * | |
| 4640 Wedgewood Boulevard, Suite 108 | * | |
| Frederick, MD 21703 | * | |
| | * | |
| Serve: Carl Williams, Jr. | * | |
| 464O Wedgewood Boulevard, Suite 108 | * | |
| Frederick, MD 21703 | * | |
| | * | |
| POWER DESIGN, INC. | * | |
| 11600 9th Street N | * | |
| St. Petersburg, FL 33716 | * | |
| | * | |
| Serve: Cogency Global Inc. | * | |
| 1519 York Road | * | |
| Timonium, MD 21093 | * | |
| | * | |
| DEFENDANTS. | * | |

**************************************************************************

## COMPLAINT

The plaintiffs, Maria N. Roque Guevara ("Roque"), Elsy Bermudez Amaya ("Bermudez"), Jose R. Bonilla Ochoa ("Bonilla"), Santos Gonzalez Ayala ("Gonzalez"), Jonatan A. Cabrera Garcia ("Cabrera Garcia"), Jose E. Guerra ("Guerra"), Brayan E. Cabrera Yuman ("Cabrera Yuman"), Jose E. Cardo Guerra ("Cardo"), Miguel A. Campos Vasquez ("Campos"), Jose E. Chacon Cano ("Chacon"), Luis Lanuza Lanuza ("Lanuza"), and Jarin B. Tzunux Retana ("Tzunux") (collectively, "Plaintiffs"), by and through undersigned counsel, submit this Complaint against the defendants, Aaron Electric Inc. ("AEI"), Pablo A. Portillo Argueta ("Portillo"), Integrated Design Build, Inc. ("IDBI"), and Power Design, Inc. ("PDI") (collectively, "Defendants") to recover damages under the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Emp. §§ 3-401, *et seq.* ("MWHL"), the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Emp., §§ 3-501, *et seq.* ("MWPCL"), the District of Columbia Minimum Wage Act, D.C. Code §32-1001 *et seq.* ("DCMWA"), the District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1301 *et seq.* ("DCWPCL"), and the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29 *et seq.* ("VWPA"), as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiffs are adult residents of Maryland.

2.      Defendant AEI is a Maryland corporation based in Prince George's County and providing electrical contracting services throughout Maryland and surrounding states.

3.      Defendant Portillo is an adult resident of Prince George's County, Maryland and the owner and manager of defendant AEI.  At all relevant times, Portillo had operational control over AEI and directed day-to-day employment decisions, including Plaintiffs' compensation.  He employed Plaintiffs and is personally responsible for the unlawful acts alleged in this Complaint.

2

4.      Defendant IDBI is a Maryland corporation providing electrical contracting services on construction projects throughout Maryland and surrounding states.

5.      Defendant PDI is a Florida corporation providing electrical contracting services on construction projects throughout the United States, including Maryland.

6.      At all relevant times, Plaintiffs were employees of AEI and Portillo within the meaning of the MWHL, MWPCL, DCMWA, DCWPCL, and VWPA.

7.      At all relevant times, AEI and Portillo were employers of Plaintiffs as that term is defined by the MWHL, MWPCL, DCMWA, DCWPCL, and VWPA.

### FACTS

8.      Roque worked for AEI as an electrician from approximately October 1, 2021, until May 31, 2023, and was paid at the rate of $21.00 per hour.

9.      Bermudez worked for AEI as an electrician from approximately December 1, 2022, until May 31, 2023, and was paid at the rate of $21.00 per hour.

10.      Bonilla worked for AEI as an electrician from approximately October 1, 2021, until May 31, 2023, and was paid at the rate of $24.00 per hour.

11.      Gonzalez worked for AEI as an electrician from approximately March 1, 2022, until May 31, 2023, and was paid at the rate of $22.00 per hour.

12.      Cabrera Garcia worked for AEI as an electrician from approximately October 7, 2021, until May 31, 2023, and was paid at the rate of $22.00 per hour.

13.      Guerra worked for AEI as an electrician from approximately April 12, 2022, until May 31, 2023, and was paid at the rate of $20.00 per hour.

14.      Cabrera Yuman worked for AEI as an electrician from approximately April 8, 2023, until May 31, 2023, and was paid at the rate of $17.00 per hour.

15.     Cardo worked for AEI as an electrician from approximately October 5, 2022, until May 31, 2023, and was paid at the rate of $18.00 per hour.

16.     Campos worked for AEI as an electrician from approximately December 1, 2021, until May 31, 2023, and was paid at the rate of $22.00 per hour.

17.     Chacon worked for AEI as an electrician from approximately February 7, 2022, until May 31, 2023, and was paid at the rate of $18.00 per hour.

18.     Lanuza worked for AEI as an electrician from approximately October 1, 2021, until May 31, 2023, and was paid at the rate of $23.00 per hour.

19.     Tzunux worked for AEI as an electrician from approximately April 19, 2023, until May 31, 2023, and was paid at the rate of $17.00 per hour.

20.     Plaintiffs worked on construction projects in Maryland, District of Columbia, and Virginia where AEI was a subcontractor to IDBI or PDI.

21.     Plaintiffs typically worked ten hours per day, either Monday through Friday for a total of approximately fifty hours per week or Monday through Saturday for a total of approximately sixty hours per week.

22.     AEI did not pay Plaintiffs at the overtime premium rate of one and one-half times their regular hourly rates for all hours over forty worked in each one-week period.

23.     AEI did not pay Plaintiffs any wages for the last four weeks of Plaintiffs' employment.

24.     On May 25, 2023, Portillo gave each of the Plaintiffs a check for their wages drawn on the bank account of AEI.  All of the checks were returned unpaid by Plaintiffs' banks due to insufficient funds, and Plaintiffs incurred returned check fees as a result.

## COUNT ONE
### MWHL Overtime Violations

25.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

26.     AEI and Portillo's failure to pay Plaintiffs wages at the rate of one and one-half times their regular hourly rates for hours worked in excess of forty in each one-week period violated Md. Code Ann., Lab. & Emp. §3-415.

27.     AEI and Portillo's failure to pay overtime wages as required by Md. Code Ann., Lab. & Emp. §3-415 was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiffs consistent with the MWHL but did not do so.

28.     As a result of AEI and Portillo's unlawful conduct, Plaintiffs suffered a loss of wages and consequential damages.

29.     Under Md. Code Ann., Lab. & Emp. §3-507.2(c), IDBI is jointly and severally liable for AEI's overtime violations on work it subcontracted to AEI.

30.     Under Md. Code Ann., Lab. & Emp. §3-507.2(c), PDI is jointly and severally liable for AEI's overtime violations on work it subcontracted to AEI.

WHEREFORE, Defendants are liable to Plaintiffs under Count One for overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT TWO
### MWPCL Wage Payment Violations

31.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

32.     Under the MWPCL, AEI and Portillo were obligated to pay all wages due for the work Plaintiffs performed, including promised regular rate wages and overtime.

33.     AEI and Portillo's failure and refusal to pay all wages due to Plaintiffs was not the result of any *bona fide* dispute.

34.     As a result of AEI and Portillo's unlawful conduct, Plaintiffs suffered a loss of wages and consequential damages.

35.     Under Md. Code Ann., Lab. & Emp. §3-507.2(c), IDBI is jointly and severally liable for AEI's wage payment violations on work it subcontracted to AEI.

36.     Under Md. Code Ann., Lab. & Emp. §3-507.2(c), PDI is jointly and severally liable for AEI's wage payment violations on work it subcontracted to AEI.

WHEREFORE, Defendants are liable to Plaintiffs under Count Two for three times (3x) the amount of all unpaid wages, reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT THREE
### DCMWA Overtime Violations

37.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

38.     AEI and Portillo's failure to pay Plaintiffs for work performed in the District of Columbia at the rate of one and one-half times their regular hourly rates for hours worked in excess of forty in each one-week period violated D.C. Code § 32-1003(c).

39.     AEI and Portillo's failure to pay overtime wages as required by the DCMWA was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiffs consistent with the DCMWA but did not do so.

40.     Under D.C. Code § 32-1012(c), IDBI is jointly and severally liable for AEI's overtime violations on work it subcontracted to AEI.

41.    Under D.C. Code § 32-1012(c), PDI is jointly and severally liable for AEI's overtime violations on work it subcontracted to AEI.

WHEREFORE, Defendants are liable to Plaintiffs under Count Three for overtime wages in such amounts as are proven at trial, plus treble liquidated damages, interest (both pre- and post- judgment), attorney's fees at hourly rates listed in the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000) and updated to account for the market hourly rates for attorney services at the time the determination is made, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT FOUR
### DCWPCL Wage Payment Violations

42.    Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

43.    Under the DCWPCL, AEI and Portillo were obligated to pay all wages due for the work Plaintiffs performed in the District of Columbia, including promised regular rate wages and overtime.

44.    As a result of AEI and Portillo's unlawful conduct, Plaintiffs suffered a loss of wages and consequential damages.

45.    Under D.C. Code § 32-1303(5), IDBI is jointly and severally liable for AEI's wage payment violations on work it subcontracted to AEI.

46.    Under D.C. Code § 32-1303(5), PDI is jointly and severally liable for AEI's wage payment violations on work it subcontracted to AEI.

WHEREFORE, Defendants are liable to Plaintiffs under Count Four for unpaid wages in such amounts as are proven at trial, plus treble liquidated damages, interest (both pre- and post-judgment), attorney's fees at hourly rates listed in the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000) and updated to account for the market hourly rates for

attorney services at the time the determination is made, the costs of this action, and any other and

further relief this Court deems appropriate.

## COUNT FIVE
### VWPA Violations

47.    Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

48.    The VWPA mandates that employers must pay their employees all wages they are

due, including promised regular rate wages and overtime.

49.    AEI and Portillo's failure and refusal to pay Plaintiffs for work performed in

Virginia as required by the VWPA was knowing inasmuch as they had actual knowledge of their

obligation to pay Plaintiffs in compliance with the VWPA or acted in deliberate ignorance or

reckless disregard of that obligation.

50.    As a result of AEI and Portillo's unlawful conduct, Plaintiffs suffered a loss of

wages.

51.    Under Va. Code §11-4.6(C), IDBI is jointly and severally liable for AEI's wage

payment violations on work it subcontracted to AEI.

52.    Under Va. Code §11-4.6(C), PDI is jointly and severally liable for AEI's wage

payment violations on work it subcontracted to AEI.

WHEREFORE, Defendants are liable to Plaintiffs under Count Five for three times (3x)

the amount of all unpaid wages, reasonable attorney's fees, the costs of this action, and any other

and further relief this Court deems appropriate.

Respectfully submitted,

*/ s / Mariusz Kurzyna*

Mariusz Kurzyna (CPF # 1707170001)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
mkurzyna@zagfirm.com

*Counsel for Plaintiffs*

**E-FILED; Prince George's Circuit Court**
**Docket: 8/23/2023 12:43 PM; Submission: 8/23/2023 12:43 PM**
**Envelope: 13719457**

IN THE CIRCUIT COURT FOR⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺
(City or County)

**CIVIL - NON-DOMESTIC CASE INFORMATION REPORT**

| DIRECTIONS |
|---|
| *Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).      C-16-CV-23-003905 |
| *Defendant*: You must file an Information Report as required by Rule 2-323(h). |
| ***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING*** |

**FORM FILED BY:** ☐PLAINTIFF  ☐DEFENDANT    CASE NUMBER⸺⸺⸺⸺⸺⸺⸺⸺
(Clerk to insert)

**CASE NAME:**⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺ vs. ⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺
Plaintiff                                  Defendant

PARTY'S NAME:⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺ PHONE:⸺⸺⸺⸺⸺

PARTY'S ADDRESS:⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺

PARTY'S E-MAIL:⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺

 **If represented by an attorney:**

PARTY'S ATTORNEY'S NAME:⸺⸺⸺⸺⸺⸺⸺ PHONE:⸺⸺⸺⸺

PARTY'S ATTORNEY'S ADDRESS:⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺

PARTY'S ATTORNEY'S E-MAIL:⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺

**JURY DEMAND?** ☐Yes ☐No

**RELATED CASE PENDING?** ☐Yes ☐No  If yes, Case #(s), if known:⸺⸺⸺⸺⸺

**ANTICIPATED LENGTH OF TRIAL?:** ⸺⸺hours ⸺⸺days

| PLEADING TYPE |
|---|

**New Case:**     ☐Original     ☐Administrative Appeal    ☐ Appeal

**Existing Case:** ☐Post-Judgment    ☐Amendment

*If filing in an existing case*, skip Case Category/ Subcategory section - go to Relief section.

| IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*) |
|---|

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of
    Youngest Plt: ⸺⸺⸺
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment
    (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
    ☐ Commercial
    ☐ Residential
    ☐ Currency or Vehicle
    ☐ Deed of Trust
    ☐ Land Installments
    ☐ Lien
    ☐ Mortgage
    ☐ Right of Redemption
    ☐ Statement Condo
☐ Forfeiture of Property /
    Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

**CC-DCM-002** (Rev. 04/2017)          Page 1 of 3

**IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)**

❑ Abatement
❑ Administrative Action
❑ Appointment of Receiver
❑ Arbitration
❑ Asset Determination
❑ Attachment b/f Judgment
❑ Cease & Desist Order
❑ Condemn Bldg
❑ Contempt
❑ Court Costs/Fees
❑ Damages-Compensatory
❑ Damages-Punitive

❑ Earnings Withholding
❑ Enrollment
❑ Expungement
❑ Findings of Fact
❑ Foreclosure
❑ Injunction
❑ Judgment-Affidavit
❑ Judgment-Attorney Fees
❑ Judgment-Confessed
❑ Judgment-Consent
❑ Judgment-Declaratory
❑ Judgment-Default

❑ Judgment-Interest
❑ Judgment-Summary
❑ Liability
❑ Oral Examination
❑ Order
❑ Ownership of Property
❑ Partition of Property
❑ Peace Order
❑ Possession
❑ Production of Records
❑ Quarantine/Isolation Order
❑ Reinstatement of Employment

❑ Return of Property
❑ Sale of Property
❑ Specific Performance
❑ Writ-Error Coram Nobis
❑ Writ-Execution
❑ Writ-Garnish Property
❑ Writ-Garnish Wages
❑ Writ-Habeas Corpus
❑ Writ-Mandamus
❑ Writ-Possession

*If you indicated **Liability** above*, mark one of the following.  This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

❑ Liability is conceded.  ❑ Liability is not conceded, but is not seriously in dispute. ❑ Liability is seriously in dispute.

**MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)**

❑ Under $10,000     ❑ $10,000 - $30,000     ❑ $30,000 - $100,000     ❑ Over $100,000

❑ Medical Bills $_____     ❑ Wage Loss $_____     ❑ Property Damages $_____

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION**

Is this case appropriate for referral to an ADR process under Md. Rule 17-101?  (Check all that apply)
A. Mediation        ❑Yes   ❑No                C. Settlement Conference   ❑Yes   ❑No
B. Arbitration       ❑Yes   ❑No                D. Neutral Evaluation        ❑Yes   ❑No

**SPECIAL REQUIREMENTS**

❑ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

❑ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

**ESTIMATED LENGTH OF TRIAL**

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*          ***(Case will be tracked accordingly)***

❑ 1/2 day of trial or less               ❑ 3 days of trial time

❑ 1 day of trial time                     ❑ More than 3 days of trial time

❑ 2 days of trial time

**BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM**

***For all jurisdictions***, *if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

❑ **Expedited**- Trial within 7 months of          ❑ **Standard** - Trial within 18 months of
Defendant's response                                        Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response          ☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

☐ Expedited              Trial 60 to 120 days from notice. Non-jury matters.

☐ Civil-Short            Trial 210 days from first answer.

☐ Civil-Standard         Trial 360 days from first answer.

☐ Custom                 Scheduling order entered by individual judge.

☐ Asbestos               Special scheduling order.

☐ Lead Paint             Fill in: Birth Date of youngest plaintiff _____ .

☐ Tax Sale Foreclosures  Special scheduling order.

☐ Mortgage Foreclosures  No scheduling order.

### CIRCUIT COURT FOR BALTIMORE COUNTY

☐ Expedited
(Trial Date-90 days)

Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus.

☐ Standard
(Trial Date-240 days)

Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases.

☐ Extended Standard
(Trial Date-345 days)

Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency.

☐ Complex
(Trial Date-450 days)

Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases.

_____
Date

_____
Address

_____
City              State    Zip Code

_____
Signature of Counsel / Party

_____
Printed Name

**CC-DCM-002** (Rev. 04/2017)              Page 3 of 3