Case 8:24-cv-00616-DKC   Document 7   Filed 02/01/24   Page 1 of 9

E-FILED; Prince George's Circuit Court
Docket: 8/29/2023 9:45 AM; Submission: 8/29/2023 9:45 AM
Envelope: 13770278
NB   8/29/2023

# IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| MARIA N. ROQUE GUEVARA, ELSY BERMUDEZ AMAYA, JOSE R. BONILLA OCHOA, SANTOS GONZALEZ AYALA, JONATAN A. CABRERA GARCIA, JOSE E. GUERRA, BRAYAN E. CABRERA YUMAN, JOSE E. CARDO GUERRA, MIGUEL A. CAMPOS VASQUEZ, JOSE E. CHACON CANO LUIS LANUZA LANUZA, JARIN B. TZUNUX RETANA, and CARLOS A. MARTINEZ VALERIANO <br> c/o Zipin, Amster & Greenberg, LLC <br> 8757 Georgia Avenue, Suite 400 <br> Silver Spring, MD 20910 <br><br> PLAINTIFFS, <br><br> v. <br><br> AARON ELECTRIC INC. <br> 5013 Boydell Avenue <br> Oxon Hill, MD 20745 <br><br> Serve: Leo Argueta <br> 5013 Boydell Avenue <br> Oxon Hill, MD 20745 <br><br> PABLO A. PORTILLO ARGUETA <br> 5013 Boydell Avenue <br> Oxon Hill, MD 20745 <br><br> INTEGRATED DESIGN BUILD, INC. <br> 4640 Wedgewood Boulevard, Suite 108 <br> Frederick, MD 21703 <br><br> Serve: Carl Williams, Jr. <br> 464O Wedgewood Boulevard, Suite 108 <br> Frederick, MD 21703 <br><br> POWER DESIGN, INC. <br> 11600 9th Street N <br> St. Petersburg, FL 33716 <br><br> Serve: Cogency Global Inc. <br> 1519 York Road <br> Timonium, MD 21093 <br><br> DEFENDANTS. | Case No.: <br> C-16-CV-23-003905 |

**FIRST AMENDED COMPLAINT**

The plaintiffs, Maria N. Roque Guevara ("Roque"), Elsy Bermudez Amaya ("Bermudez"), Jose R. Bonilla Ochoa ("Bonilla"), Santos Gonzalez Ayala ("Gonzalez"), Jonatan A. Cabrera Garcia ("Cabrera Garcia"), Jose E. Guerra ("Guerra"), Brayan E. Cabrera Yuman ("Cabrera Yuman"), Jose E. Cardo Guerra ("Cardo"), Miguel A. Campos Vasquez ("Campos"), Jose E. Chacon Cano ("Chacon"), Luis Lanuza Lanuza ("Lanuza"), Jarin B. Tzunux Retana ("Tzunux"), and Carlos A. Martinez Valeriano ("Martinez") (collectively, "Plaintiffs"), by and through undersigned counsel, submit this First Amended Complaint against the defendants, Aaron Electric Inc. ("AEI"), Pablo A. Portillo Argueta ("Portillo"), Integrated Design Build, Inc. ("IDBI"), and Power Design, Inc. ("PDI") (collectively, "Defendants") to recover damages under the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Emp. §§ 3-401, *et seq.* ("MWHL"), the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Emp., §§ 3-501, *et seq.* ("MWPCL"), the District of Columbia Minimum Wage Act, D.C. Code §32-1001 *et seq*. ("DCMWA"), the District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1301 *et seq*. ("DCWPCL"), and the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29 *et seq*. ("VWPA"), as set forth below.

**PARTIES AND JURISDICTION**

1. Plaintiffs are adult residents of Maryland, except Martinez, who is an adult resident of Virginia.

2. Defendant AEI is a Maryland corporation based in Prince George's County and providing electrical contracting services throughout Maryland and surrounding states.

3. Defendant Portillo is an adult resident of Prince George's County, Maryland and the owner and manager of defendant AEI. At all relevant times, Portillo had operational control

over AEI and directed day-to-day employment decisions, including Plaintiffs' compensation. He employed Plaintiffs and is personally responsible for the unlawful acts alleged in this Complaint.

4. Defendant IDBI is a Maryland corporation providing electrical contracting services on construction projects throughout Maryland and surrounding states.

5. Defendant PDI is a Florida corporation providing electrical contracting services on construction projects throughout the United States, including Maryland.

6. At all relevant times, Plaintiffs were employees of AEI and Portillo within the meaning of the MWHL, MWPCL, DCMWA, DCWPCL, and VWPA.

7. At all relevant times, AEI and Portillo were employers of Plaintiffs as that term is defined by the MWHL, MWPCL, DCMWA, DCWPCL, and VWPA.

## FACTS

8. Roque worked for AEI as an electrician from approximately October 1, 2021, until May 31, 2023, and was paid at the rate of $21.00 per hour.

9. Bermudez worked for AEI as an electrician from approximately December 1, 2022, until May 31, 2023, and was paid at the rate of $21.00 per hour.

10. Bonilla worked for AEI as an electrician from approximately October 1, 2021, until May 31, 2023, and was paid at the rate of $24.00 per hour.

11. Gonzalez worked for AEI as an electrician from approximately March 1, 2022, until May 31, 2023, and was paid at the rate of $22.00 per hour.

12. Cabrera Garcia worked for AEI as an electrician from approximately October 7, 2021, until May 31, 2023, and was paid at the rate of $22.00 per hour.

13. Guerra worked for AEI as an electrician from approximately April 12, 2022, until May 31, 2023, and was paid at the rate of $20.00 per hour.

14. Cabrera Yuman worked for AEI as an electrician from approximately April 8, 2023, until May 31, 2023, and was paid at the rate of $17.00 per hour.

15. Cardo worked for AEI as an electrician from approximately October 5, 2022, until May 31, 2023, and was paid at the rate of $18.00 per hour.

16. Campos worked for AEI as an electrician from approximately December 1, 2021, until May 31, 2023, and was paid at the rate of $22.00 per hour.

17. Chacon worked for AEI as an electrician from approximately February 7, 2022, until May 31, 2023, and was paid at the rate of $18.00 per hour.

18. Lanuza worked for AEI as an electrician from approximately October 1, 2021, until May 31, 2023, and was paid at the rate of $23.00 per hour.

19. Tzunux worked for AEI as an electrician from approximately April 19, 2023, until May 31, 2023, and was paid at the rate of $17.00 per hour.

20. Martinez worked for AEI as an electrician from approximately December 2021 until June 1, 2023, and was paid at the rate of $22.00 per hour.

21. Plaintiffs worked on construction projects in Maryland, District of Columbia, and Virginia where AEI was a subcontractor to IDBI or PDI.

22. Plaintiffs typically worked ten hours per day, either Monday through Friday for a total of approximately fifty hours per week or Monday through Saturday for a total of approximately sixty hours per week.

23. AEI did not pay Plaintiffs at the overtime premium rate of one and one-half times their regular hourly rates for all hours over forty worked in each one-week period.

24. AEI did not pay Plaintiffs any wages for the last four weeks of Plaintiffs' employment.

25. On May 25, 2023, Portillo gave each of the Plaintiffs a check for their wages drawn on the bank account of AEI. All of the checks were returned unpaid by Plaintiffs' banks due to insufficient funds, and Plaintiffs incurred returned check fees as a result.

## COUNT ONE
## MWHL Overtime Violations

26. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

27. AEI and Portillo's failure to pay Plaintiffs wages at the rate of one and one-half times their regular hourly rates for hours worked in excess of forty in each one-week period violated Md. Code Ann., Lab. & Emp. §3-415.

28. AEI and Portillo's failure to pay overtime wages as required by Md. Code Ann., Lab. & Emp. §3-415 was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiffs consistent with the MWHL but did not do so.

29. As a result of AEI and Portillo's unlawful conduct, Plaintiffs suffered a loss of wages and consequential damages.

30. Under Md. Code Ann., Lab. & Emp. §3-507.2(c), IDBI is jointly and severally liable for AEI's overtime violations on work it subcontracted to AEI.

31. Under Md. Code Ann., Lab. & Emp. §3-507.2(c), PDI is jointly and severally liable for AEI's overtime violations on work it subcontracted to AEI.

WHEREFORE, Defendants are liable to Plaintiffs under Count One for overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

**COUNT TWO**
**MWPCL Wage Payment Violations**

32. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

33. Under the MWPCL, AEI and Portillo were obligated to pay all wages due for the work Plaintiffs performed, including promised regular rate wages and overtime.

34. AEI and Portillo's failure and refusal to pay all wages due to Plaintiffs was not the result of any *bona fide* dispute.

35. As a result of AEI and Portillo's unlawful conduct, Plaintiffs suffered a loss of wages and consequential damages.

36. Under Md. Code Ann., Lab. & Emp. §3-507.2(c), IDBI is jointly and severally liable for AEI's wage payment violations on work it subcontracted to AEI.

37. Under Md. Code Ann., Lab. & Emp. §3-507.2(c), PDI is jointly and severally liable for AEI's wage payment violations on work it subcontracted to AEI.

WHEREFORE, Defendants are liable to Plaintiffs under Count Two for three times (3x) the amount of all unpaid wages, reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

**COUNT THREE**
**DCMWA Overtime Violations**

38. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

39. AEI and Portillo's failure to pay Plaintiffs for work performed in the District of Columbia at the rate of one and one-half times their regular hourly rates for hours worked in excess of forty in each one-week period violated D.C. Code § 32-1003(c).

40. AEI and Portillo's failure to pay overtime wages as required by the DCMWA was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been

aware of their obligation to pay Plaintiffs consistent with the DCMWA but did not do so.

41. Under D.C. Code § 32-1012(c), IDBI is jointly and severally liable for AEI's overtime violations on work it subcontracted to AEI.

42. Under D.C. Code § 32-1012(c), PDI is jointly and severally liable for AEI's overtime violations on work it subcontracted to AEI.

WHEREFORE, Defendants are liable to Plaintiffs under Count Three for overtime wages in such amounts as are proven at trial, plus treble liquidated damages, interest (both pre- and post- judgment), attorney's fees at hourly rates listed in the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000) and updated to account for the market hourly rates for attorney services at the time the determination is made, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT FOUR
## DCWPCL Wage Payment Violations

43. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

44. Under the DCWPCL, AEI and Portillo were obligated to pay all wages due for the work Plaintiffs performed in the District of Columbia, including promised regular rate wages and overtime.

45. As a result of AEI and Portillo's unlawful conduct, Plaintiffs suffered a loss of wages and consequential damages.

46. Under D.C. Code § 32-1303(5), IDBI is jointly and severally liable for AEI's wage payment violations on work it subcontracted to AEI.

47. Under D.C. Code § 32-1303(5), PDI is jointly and severally liable for AEI's wage payment violations on work it subcontracted to AEI.

WHEREFORE, Defendants are liable to Plaintiffs under Count Four for unpaid wages in such amounts as are proven at trial, plus treble liquidated damages, interest (both pre- and post-judgment), attorney's fees at hourly rates listed in the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000) and updated to account for the market hourly rates for attorney services at the time the determination is made, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT FIVE
### VWPA Violations

48. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

49. The VWPA mandates that employers must pay their employees all wages they are due, including promised regular rate wages and overtime.

50. AEI and Portillo's failure and refusal to pay Plaintiffs for work performed in Virginia as required by the VWPA was knowing inasmuch as they had actual knowledge of their obligation to pay Plaintiffs in compliance with the VWPA or acted in deliberate ignorance or reckless disregard of that obligation.

51. As a result of AEI and Portillo's unlawful conduct, Plaintiffs suffered a loss of wages.

52. Under Va. Code §11-4.6(C), IDBI is jointly and severally liable for AEI's wage payment violations on work it subcontracted to AEI.

53. Under Va. Code §11-4.6(C), PDI is jointly and severally liable for AEI's wage payment violations on work it subcontracted to AEI.

WHEREFORE, Defendants are liable to Plaintiffs under Count Five for three times (3x) the amount of all unpaid wages, reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

*/ s / Mariusz Kurzyna*

Mariusz Kurzyna (CPF # 1707170001)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
mkurzyna@zagfirm.com

*Counsel for Plaintiffs*

9