**IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND**

| | |
|---|---|
| MARIA N. ROQUE GUEVARA, et al., | * |
| *Individually and on behalf of all others similarly situated*, | * |
| | * |
|      PLAINTIFFS, | * |
| | * |
| v. | *   No.: C-16-CV-23-003905 |
| | * |
| AARON ELECTRIC INC., PABLO A. PORTILLO | * |
| ARGUETA, INTEGRATED DESIGN BUILD, INC., | * |
| | * |
| L.F. JENNINGS, INC. | * |
| 407 N. Washington Street, Suite 200 | * |
| Falls Church, VA 22046 | * |
| | * |
|     Serve: Michael Killelea | * |
|         1720 Ritchie Highway | * |
|         Annapolis, MD 21409 | * |
| | * |
| DAVID E. HARVEY BUILDERS, INC. | * |
| 6710A Rockledge Drive, Suite 430 | * |
| Bethesda, MD 20817 | * |
| | * |
|     Serve: Kevin A. Rogge | * |
|         6710A Rockledge Drive, Suite 430 | * |
|         Bethesda, MD 20817 | * |
| | * |
| JAMES G. DAVIS CONSTRUCTION CORPORATION | * |
| 12530 Parklawn Drive | * |
| Rockville, MD 20852 | * |
| | * |
|     Serve: The Corporation Trust, Inc. | * |
|         2405 York Road, Suite 201 | * |
|         Lutherville Timonium, MD 21093 | * |
| | * |
|     DEFENDANTS. | * |
| | * |

## CLASS AND COLLECTIVE ACTION COMPLAINT

The plaintiffs, Maria N. Roque Guevara ("Roque"), Elsy Bermudez Amaya ("Bermudez"),

Jose R. Bonilla Ochoa ("Bonilla"), Santos Gonzalez Ayala ("Gonzalez"), Jonatan A. Cabrera

Garcia ("Cabrera Garcia"), Jose E. Guerra ("Guerra"), Brayan E. Cabrera Yuman ("Cabrera

Yuman"), Jose E. Cardo Guerra ("Cardo"), Miguel A. Campos Vasquez ("Campos"), Jose E. Chacon Cano ("Chacon"), Luis Lanuza Lanuza ("Lanuza"), Jarin B. Tzunux Retana ("Tzunux"), and Carlos A. Martinez Valeriano ("Martinez") (collectively, "Plaintiffs"), by and through undersigned counsel, individually and on behalf of all persons similarly situated, submit this Class and Collective Action Complaint against the defendants, Aaron Electric Inc. ("AEI"), Pablo A. Portillo Argueta ("Portillo"), Integrated Design Build, Inc. ("IDBI"), L.F. Jennings, Inc. ("Jennings"), David E. Harvey Builders, Inc. ("Harvey"), and James G. Davis Construction Corporation ("Davis") (collectively, "Defendants") to recover damages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Emp. §§ 3-401, *et seq.* ("MWHL"), the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Emp., §§ 3-501, *et seq.* ("MWPCL"), the District of Columbia Minimum Wage Act, D.C. Code §32-1001 *et seq.* ("DCMWA"), the District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1301 *et seq.* ("DCWPCL"), and the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29 *et seq.* ("VWPA"), as set forth below.

## PARTIES AND JURISDICTION

1.     Plaintiffs are adult residents of Maryland, except Martinez, who is an adult resident of Virginia.

2.     Defendant AEI is a Maryland corporation based in Prince George's County and providing electrical contracting services throughout Maryland and surrounding states.

3.     Defendant Portillo is an adult resident of Prince George's County, Maryland and the owner and manager of defendant AEI.  At all relevant times, Portillo had operational control over AEI and directed day-to-day employment decisions, including Plaintiffs' compensation.  He employed Plaintiffs and is personally responsible for the unlawful acts alleged in this Complaint.

4.      Defendant IDBI is a Maryland corporation providing electrical contracting services on construction projects throughout Maryland and surrounding states.

5.      Defendant Jennings is a Virginia corporation providing general contracting services in Maryland and surrounding states.

6.      Defendant Harvey is a Texas corporation providing general contracting services in Maryland and surrounding states.

7.      Defendant Davis is a Virginia corporation providing general contracting services in Maryland and surrounding states.

8.      At all relevant times, Plaintiffs were employees of AEI and Portillo within the meaning of the FLSA, MWHL, MWPCL, DCMWA, DCWPCL, and VWPA.

9.      At all relevant times, Defendants were employers or joint employers of Plaintiffs as that term is defined by the FLSA, MWHL, MWPCL, DCMWA, DCWPCL, and VWPA.

10.     At all relevant times, Defendants each employed individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce within the meaning of the FLSA.

11.     At all relevant times, Defendants each had annual gross volumes of business in excess of $500,000 per year.

## **FACTS**

12.     Roque worked for AEI as an electrician from approximately October 1, 2021, until May 31, 2023, and was paid at the rate of $21.00 per hour.

13.     Bermudez worked for AEI as an electrician from approximately December 1, 2022, until May 31, 2023, and was paid at the rate of $21.00 per hour.

3

14.     Bonilla worked for AEI as an electrician from approximately October 1, 2021, until May 31, 2023, and was paid at the rate of $24.00 per hour.

15.     Gonzalez worked for AEI as an electrician from approximately March 1, 2022, until May 31, 2023, and was paid at the rate of $22.00 per hour.

16.     Cabrera Garcia worked for AEI as an electrician from approximately October 7, 2021, until May 31, 2023, and was paid at the rate of $22.00 per hour.

17.     Guerra worked for AEI as an electrician from approximately April 12, 2022, until May 31, 2023, and was paid at the rate of $20.00 per hour.

18.     Cabrera Yuman worked for AEI as an electrician from approximately April 8, 2023, until May 31, 2023, and was paid at the rate of $17.00 per hour.

19.     Cardo worked for AEI as an electrician from approximately October 5, 2022, until May 31, 2023, and was paid at the rate of $18.00 per hour.

20.     Campos worked for AEI as an electrician from approximately December 1, 2021, until May 31, 2023, and was paid at the rate of $22.00 per hour.

21.     Chacon worked for AEI as an electrician from approximately February 7, 2022, until May 31, 2023, and was paid at the rate of $18.00 per hour.

22.     Lanuza worked for AEI as an electrician from approximately October 1, 2021, until May 31, 2023, and was paid at the rate of $23.00 per hour.

23.     Tzunux worked for AEI as an electrician from approximately April 19, 2023, until May 31, 2023, and was paid at the rate of $17.00 per hour.

24.     Martinez worked for AEI as an electrician from approximately December 2021 until June 1, 2023, and was paid at the rate of $22.00 per hour.

25.     Plaintiffs worked on construction projects in Maryland, District of Columbia, and

4

Virginia where AEI was a subcontractor to IDBI.

26.     During the relevant period, Plaintiffs worked on the Yard 56 mixed use development in Baltimore, Maryland.  Defendant Jennings was the general contractor on said project.

27.     During the relevant period, Plaintiffs worked on the Benchmark Senior Living development in Alexandria, Virginia.  Defendant Davis was the general contractor on said project.

28.     During the relevant period, Plaintiffs worked on the Crosby apartments project in the District of Columbia.  Defendant Harvey was the general contractor on said project.

29.     Plaintiffs typically worked ten hours per day, either Monday through Friday for a total of approximately fifty hours per week or Monday through Saturday for a total of approximately sixty hours per week.

30.     AEI did not pay Plaintiffs at the overtime premium rate of one and one-half times their regular hourly rates for all hours over forty worked in each one-week period.

31.     AEI did not pay Plaintiffs any wages for the last four weeks of Plaintiffs' employment.

32.     On May 25, 2023, Portillo gave each of the Plaintiffs a check for their wages drawn on the bank account of AEI.  All of the checks were returned unpaid by Plaintiffs' banks due to insufficient funds, and Plaintiffs incurred returned check fees as a result.

**COLLECTIVE ACTION ALLEGATIONS**

33.     Plaintiffs restate, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

34.     Plaintiffs bring Count One of this Complaint action individually and on behalf of

all others similarly situated pursuant to 29 U.S.C. § 216(b).  The proposed collective is defined as follows:

> All current and former electrical workers employed by Aaron Electric, Inc. who were not paid overtime for all hours worked over 40 in workweeks compensable on or after August 23, 2020 (the "FLSA Collective").

35.     Plaintiffs and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked as electricians on construction projects and were subjected to the same AEI practice of not paying overtime wages as required by 29 U.S.C. § 207.  Resolution of this action requires inquiry into common facts, including, *inter alia*, AEI's compensation, timekeeping, and payroll practices applicable to electrical workers.

36.     The similarly situated employees are known to Defendants AEI and Portillo, are readily identifiable, and may be located through AEI's business records.

37.     These similarly situated employees may be readily notified of this action through direct U.S. mail, email, SMS message, and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

38.     Plaintiffs restate, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

39.     Plaintiffs bring this action individually and as a class action pursuant to Md. Rule 2-231 Fed. R. Civ. P. 23.

40.     Plaintiffs bring Count Two of this Complaint pursuant to the MWHL on behalf of themselves and the following class:

> All current and former electrical workers employed by Aaron Electric, Inc. in Maryland who were not paid overtime for all hours worked over 40 in workweeks compensable on or after August 23, 2020 (the "MWHL Class").

41.     Plaintiffs bring Count Three of this Complaint pursuant to the MWPCL on behalf of themselves and the following class:

> All current and former electrical workers employed by Aaron Electric, Inc. in Maryland who were not paid any wages for hours worked in at least one week compensable on or after August 23, 2020 (the "MWPCL Class").

42.     Plaintiffs bring Count Four of this Complaint pursuant to the DCMWA on behalf of themselves and the following class:

> All current and former electrical workers employed by Aaron Electric, Inc. in the District of Columbia who were not paid overtime for all hours worked over 40 in workweeks compensable on or after August 23, 2020 (the "DCMWA Class").

43.     Plaintiffs bring Count Five of this Complaint pursuant to the DCWPCL on behalf of themselves and the following class:

> All current and former electrical workers employed by Aaron Electric, Inc. in the District of Columbia who were not paid any wages for hours worked in at least one week compensable on or after August 23, 2020 (the "DCWPCL Class").

44.     Plaintiffs bring Count Six of this Complaint pursuant to the VWPA on behalf of themselves and the following class:

> All current and former electrical workers employed by Aaron Electric, Inc. in the District of Columbia who were not paid overtime for all hours worked over 40 in workweeks compensable on or after August 23, 2020 (the "Virginia Overtime Class").

45.     Plaintiffs bring Count Seven of this Complaint pursuant to the VWPA on behalf of themselves and the following class:

> All current and former electrical workers employed by Aaron
> Electric, Inc. in Virginia who were not paid any wages for hours
> worked in at least one week compensable on or after August 23,
> 2020 (the "VWPA Class").

46.    The members of the foregoing Classes are so numerous that joinder of all members is impracticable.  Upon information and belief, there are in excess of 50 members in each of the Classes.

47.    Plaintiffs will fairly and adequately represent and protect the interests of the Classes because there is no conflict between the claims of Plaintiffs and those of the Classes, and Plaintiffs' claims are typical of the claims of the Classes.  Plaintiffs' counsel are competent and experienced in litigating wage and hour and other complex labor matters, including class and collective actions like this one.

48.    There are questions of law and fact common to the proposed Classes, which predominate over any questions affecting only individual Class members, including, without limitation: whether AEI and Portillo violated and continue to violate Maryland, District of Columbia, and/or Virginia law through its policies or practices of not paying overtime wages for hours worked over 40 in a workweek, and not paying Plaintiffs and Class members wages for their last four weeks of work.

49.    Plaintiffs' claims are typical of the claims of the Classes in the following ways, without limitation: (a) Plaintiffs are members of each of the Classes; (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Classes; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the Classes and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the Class members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the Class members.

8

50.    Class certification is appropriate under Md. Rule 2-321 because questions of law and fact common to each Class predominate over any questions affecting only individual Class members.

51.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Classes are readily identifiable from Defendant AEI's own records.  Prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for Defendants.

52.    A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Furthermore, the amounts at stake for many of the members of the Classes, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

53.    Without a class action, Defendants will retain the benefit of their wrongdoing, which will result in further damages to Plaintiffs and the Classes.  Plaintiffs envision no difficulty in the management of this action as a class action.

## <u>COUNT ONE</u>
### FLSA Overtime Violations

1.    Plaintiffs, individually and on behalf of the FLSA Collective, restate, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

2.      The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

3.      Defendants are an "enterprise" as defined by 29 U.S.C. § 203(r)(1) and are engaged in commerce within the meaning of 29 U.S.C. § 203(b), (s)(1).

4.      Plaintiffs and the FLSA Collective are non-exempt covered employees. 29 U.S.C. § 203(e)(1).

5.      Plaintiffs and the FLSA Collective have worked more than forty hours per week for Defendants during the applicable time period.

6.      Defendants have not properly compensated Plaintiffs or the FLSA Collective for their overtime hours as required by the FLSA.

7.      Defendants failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiffs and the FLSA Collective.

8.      Defendants knew Plaintiffs and the FLSA Collective worked overtime without proper compensation, and they willfully failed and refused to pay Plaintiffs and the FLSA Collective wages at the required overtime rates. See 29 U.S.C. § 255.

9.      As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages.  Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

10.     Defendants IDBI, Jennings, Harvey, and Davis are jointly and severally liable for AEI's violations under the FLSA joint employment doctrine.

WHEREFORE, Defendants are liable to Plaintiffs under Count One for overtime wages

in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT TWO
### MWHL Overtime Violations

11.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

12.     AEI and Portillo's failure to pay Plaintiffs wages at the rate of one and one-half times their regular hourly rates for hours worked in excess of forty in each one-week period violated Md. Code Ann., Lab. & Emp. §3-415.

13.     AEI and Portillo's failure to pay overtime wages as required by Md. Code Ann., Lab. & Emp. §3-415 was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiffs consistent with the MWHL but did not do so.

14.     As a result of AEI and Portillo's unlawful conduct, Plaintiffs suffered a loss of wages and consequential damages.

15.     Under Md. Code Ann., Lab. & Emp. §3-507.2(c), IDBI and Jennings are jointly and severally liable for AEI's overtime violations.

WHEREFORE, Defendants are liable to Plaintiffs under Count Two for overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT THREE
### MWPCL Wage Payment Violations

16.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

17.     Under the MWPCL, AEI and Portillo were obligated to pay all wages due for the work Plaintiffs performed, including promised regular rate wages and overtime.

18.     AEI and Portillo's failure and refusal to pay all wages due to Plaintiffs was not the result of any *bona fide* dispute.

19.     As a result of AEI and Portillo's unlawful conduct, Plaintiffs suffered a loss of wages and consequential damages.

20.     Under Md. Code Ann., Lab. & Emp. §3-507.2(c), IDBI and Jennings are jointly and severally liable for AEI's wage payment violations.

WHEREFORE, Defendants are liable to Plaintiffs under Count Three for three times (3x) the amount of all unpaid wages, reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT FOUR
### DCMWA Overtime Violations

21.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

22.     AEI and Portillo's failure to pay Plaintiffs for work performed in the District of Columbia at the rate of one and one-half times their regular hourly rates for hours worked in excess of forty in each one-week period violated D.C. Code § 32-1003(c).

23.     AEI and Portillo's failure to pay overtime wages as required by the DCMWA was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiffs consistent with the DCMWA but did not do so.

24.     Under D.C. Code § 32-1012(c), IDBI and Harvey are jointly and severally liable for AEI's overtime violations.

WHEREFORE, Defendants are liable to Plaintiffs under Count Four for overtime wages in such amounts as are proven at trial, plus treble liquidated damages, interest (both pre- and

post- judgment), attorney's fees at hourly rates listed in the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000) and updated to account for the market hourly rates for attorney services at the time the determination is made, the costs of this action, and any other and further relief this Court deems appropriate.

**COUNT FIVE**
**DCWPCL Wage Payment Violations**

25.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

26.     Under the DCWPCL, AEI and Portillo were obligated to pay all wages due for the work Plaintiffs performed in the District of Columbia, including promised regular rate wages and overtime.

27.     As a result of AEI and Portillo's unlawful conduct, Plaintiffs suffered a loss of wages and consequential damages.

28.     Under D.C. Code § 32-1303(5), IDBI and Harvey are jointly and severally liable for AEI's wage payment violations.

WHEREFORE, Defendants are liable to Plaintiffs under Count Five for unpaid wages in such amounts as are proven at trial, plus treble liquidated damages, interest (both pre- and post-judgment), attorney's fees at hourly rates listed in the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000) and updated to account for the market hourly rates for attorney services at the time the determination is made, the costs of this action, and any other and further relief this Court deems appropriate.

**COUNT SIX**
**VWPA Overtime Violations**

29.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

13

30.    The VWPA mandates that employers must pay their employees all wages they are due, including and overtime.

31.    AEI and Portillo's failure and refusal to pay Plaintiffs overtime for work performed in Virginia as required by the VWPA was knowing inasmuch as they had actual knowledge of their obligation to pay Plaintiffs in compliance with the VWPA or acted in deliberate ignorance or reckless disregard of that obligation.

32.    As a result of AEI and Portillo's unlawful conduct, Plaintiffs suffered a loss of wages.

33.    Under Va. Code §11-4.6(C), IDBI and Davis are jointly and severally liable for AEI's overtime violations.

WHEREFORE, Defendants are liable to Plaintiffs under Count Six for three times (3x) the amount of all unpaid wages, reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT SEVEN
### VWPA Wage Payment Violations

34.    Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

35.    The VWPA mandates that employers must pay their employees all wages they are due, including promised regular rate wages.

36.    AEI and Portillo's failure and refusal to pay Plaintiffs for work performed in Virginia as required by the VWPA was knowing inasmuch as they had actual knowledge of their obligation to pay Plaintiffs in compliance with the VWPA or acted in deliberate ignorance or reckless disregard of that obligation.

37.    As a result of AEI and Portillo's unlawful conduct, Plaintiffs suffered a loss of wages.

38.     Under Va. Code §11-4.6(C), IDBI and Davis are jointly and severally liable for AEI's wage payment violations.

WHEREFORE, Defendants are liable to Plaintiffs under Count Seven for three times (3x) the amount of all unpaid wages, reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

*/ s / Mariusz Kurzyna*

Mariusz Kurzyna (CPF # 1707170001)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
mkurzyna@zagfirm.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2024, a true and correct copy of the foregoing was filed electronically and served on all counsel of record through the Maryland Odyssey File and Serve Site.

*/ s / Mariusz Kurzyna*
Mariusz Kurzyna

2/14/2024

NP — Case 8:24-cv-00616-DKC — Document 12 — Filed 03/01/24 — Page 16 of 33

**E-FILED; Prince George's Circuit Court**
**Docket: 2/13/2024 3:15 PM; Submission: 2/13/2024 3:15 PM**
**Envelope: 15407738**

**IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND**



MARIA N. ROQUE GUEVARA, ~~ELSY BERMUDEZ AMAYA,~~ et al.,    *
~~JOSE R. BONILLA OCHOA, SANTOS GONZALEZ AYALA,~~   *
~~JONATAN A. CABRERA GARCIA, JOSE E. GUERRA,~~   *
~~BRAYAN E. CABRERA YUMAN, JOSE E. CARDO GUERRA,~~   *
~~MIGUEL A. CAMPOS VASQUEZ, JOSE E. CHACON CANO~~   *
~~LUIS LANUZA LANUZA, JARIN B. TZUNUX RETANA, and~~   *
~~CARLOS A. MARTINEZ VALERIANO~~   *
~~c/o Zipin, Amster & Greenberg, LLC~~   *
~~8757 Georgia Avenue, Suite 400~~   *
~~Silver Spring, MD 20910~~   *
    *Individually and on behalf of all others similarly situated,*   *
  *

    PLAINTIFFS,   *
  *

v.   *    ~~Case~~ * No.:
  *    C-16-CV-23-003905
      *

AARON ELECTRIC INC.   *
~~5013 Boydell Avenue~~   *
~~Oxon Hill, MD 20745~~   *
   ..   *
   ~~Serve: Leo Argueta~~   *
     ~~5013 Boydell Avenue~~   *
     ~~Oxon Hill, MD 20745~~   *
  *

PABLO A. PORTILLO   *
ARGUETA   *
~~5013 Boydell Avenue~~   *
~~Oxon Hill, MD 20745~~   *
  *

.. INTEGRATED DESIGN BUILD, INC.    ..   *
~~4640 Wedgewood Boulevard, Suite 108~~   *
~~Frederick, MD 21703~~   *
  *

L.F. JENNINGS   *
   ~~Serve: Carl Williams, Jr.~~   *
     ~~464O Wedgewood Boulevard, Suite 108~~   *
     ~~Frederick, MD 21703~~   *
  *

~~POWER DESIGN,~~ INC.   *
~~11600 9th~~ 407 N. Washington Street ~~N~~ , Suite 200
  *
Falls Church, VA 22046   *
  *



Serve: Michael Killelea
1720 Ritchie Highway
Annapolis, MD 21409

DAVID E. HARVEY BUILDERS, INC.
6710A Rockledge Drive, Suite 430
Bethesda, MD 20817

Serve: ~~St. Petersburg, FL 33716~~
~~Kevin A. Rogge~~
6710A Rockledge Drive, Suite 430
Bethesda, MD 20817

JAMES G. DAVIS CONSTRUCTION CORPORATION
12530 Parklawn Drive
Rockville, MD 20852

Serve: ~~Cogency Global~~The Corporation Trust, Inc.
~~1519~~2405 York Road~~~~, Suite 201
~~Lutherville~~ Timonium, MD 21093

DEFENDANTS.
~~FIRST AMENDED~~

**Formatted:** Border: Bottom: (Single solid line, Auto, 1.5 pt Line width)

## CLASS AND COLLECTIVE ACTION **COMPLAINT**

The plaintiffs, Maria N. Roque Guevara ("Roque"), Elsy Bermudez Amaya ("Bermudez"), Jose R. Bonilla Ochoa ("Bonilla"), Santos Gonzalez Ayala ("Gonzalez"), Jonatan A. Cabrera Garcia ("Cabrera Garcia"), Jose E. Guerra ("Guerra"), Brayan E. Cabrera Yuman ("Cabrera Yuman"), Jose E. Cardo Guerra ("Cardo"), Miguel A. Campos Vasquez ("Campos"), Jose E. Chacon Cano ("Chacon"), Luis Lanuza Lanuza ("Lanuza"), Jarin B. Tzunux Retana ("Tzunux"), and Carlos A. Martinez Valeriano ("Martinez") (collectively, "Plaintiffs"), by and through undersigned counsel, ~~submit this First Amended~~individually and on behalf of all persons similarly situated, submit this Class and Collective Action Complaint against the defendants, Aaron Electric Inc. ("AEI"), Pablo A. Portillo Argueta ("Portillo"), Integrated Design Build, Inc. ("IDBI"), ~~and Power Design~~L.F. Jennings, Inc. ~~("PDI~~("Jennings"), David E. Harvey Builders, Inc. ("Harvey"),

2

and James G. Davis Construction Corporation ("Davis") (collectively, "Defendants") to recover damages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Emp. §§ 3-401, *et seq.* ("MWHL"), the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Emp., §§ 3-501, *et seq.* ("MWPCL"), the District of Columbia Minimum Wage Act, D.C. Code §32-1001 *et seq.* ("DCMWA"), the District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1301 *et seq.* ("DCWPCL"), and the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29 *et seq.* ("VWPA"), as set forth below.

## PARTIES AND JURISDICTION

1.     Plaintiffs are adult residents of Maryland, except Martinez, who is an adult resident of Virginia.

2.     Defendant AEI is a Maryland corporation based in Prince George's County and providing electrical contracting services throughout Maryland and surrounding states.

3.     Defendant Portillo is an adult resident of Prince George's County, Maryland and the owner and manager of defendant AEI.  At all relevant times, Portillo had operational control over AEI and directed day-to-day employment decisions, including Plaintiffs' compensation.  He employed Plaintiffs and is personally responsible for the unlawful acts alleged in this Complaint.

4.     Defendant IDBI is a Maryland corporation providing electrical contracting services on construction projects throughout Maryland and surrounding states.

5.     Defendant PDIJennings is a FloridaVirginia corporation providing electricalgeneral contracting services on construction projects throughout the United States, includingin Maryland and surrounding states.

6.      Defendant Harvey is a Texas corporation providing general contracting services in Maryland and surrounding states.

7.      Defendant Davis is a Virginia corporation providing general contracting services in Maryland and surrounding states.

6.8.    At all relevant times, Plaintiffs were employees of AEI and Portillo within the meaning of the FLSA, MWHL, MWPCL, DCMWA, DCWPCL, and VWPA.

7.9.    At all relevant times, AEI and Portillo Defendants were employers or joint employers of Plaintiffs as that term is defined by the FLSA, MWHL, MWPCL, DCMWA, DCWPCL, and VWPA.

10.     At all relevant times, Defendants each employed individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce within the meaning of the FLSA.

11.     At all relevant times, Defendants each had annual gross volumes of business in excess of $500,000 per year.

**FACTS**

8.12.   Roque worked for AEI as an electrician from approximately October 1, 2021, until May 31, 2023, and was paid at the rate of $21.00 per hour.

9.13.   Bermudez worked for AEI as an electrician from approximately December 1, 2022, until May 31, 2023, and was paid at the rate of $21.00 per hour.

10.14.  Bonilla worked for AEI as an electrician from approximately October 1, 2021, until May 31, 2023, and was paid at the rate of $24.00 per hour.

11.15.  Gonzalez worked for AEI as an electrician from approximately March 1, 2022,

until May 31, 2023, and was paid at the rate of $22.00 per hour.

~~12.~~16.  Cabrera Garcia worked for AEI as an electrician from approximately October 7, 2021, until May 31, 2023, and was paid at the rate of $22.00 per hour.

~~13.~~17.  Guerra worked for AEI as an electrician from approximately April 12, 2022, until May 31, 2023, and was paid at the rate of $20.00 per hour.

~~14.~~18.  Cabrera Yuman worked for AEI as an electrician from approximately April 8, 2023, until May 31, 2023, and was paid at the rate of $17.00 per hour.

~~15.~~19.  Cardo worked for AEI as an electrician from approximately October 5, 2022, until May 31, 2023, and was paid at the rate of $18.00 per hour.

~~16.~~20.  Campos worked for AEI as an electrician from approximately December 1, 2021, until May 31, 2023, and was paid at the rate of $22.00 per hour.

~~17.~~21.  Chacon worked for AEI as an electrician from approximately February 7, 2022, until May 31, 2023, and was paid at the rate of $18.00 per hour.

~~18.~~22.  Lanuza worked for AEI as an electrician from approximately October 1, 2021, until May 31, 2023, and was paid at the rate of $23.00 per hour.

~~19.~~23.  Tzunux worked for AEI as an electrician from approximately April 19, 2023, until May 31, 2023, and was paid at the rate of $17.00 per hour.

~~20.~~24.  Martinez worked for AEI as an electrician from approximately December 2021 until June 1, 2023, and was paid at the rate of $22.00 per hour.

~~21.~~25.  Plaintiffs worked on construction projects in Maryland, District of Columbia, and Virginia where AEI was a subcontractor to IDBI ~~or PDI~~.

26.     During the relevant period, Plaintiffs worked on the Yard 56 mixed use development in Baltimore, Maryland.  Defendant Jennings was the general contractor on said

project.

27.     During the relevant period, Plaintiffs worked on the Benchmark Senior Living development in Alexandria, Virginia.  Defendant Davis was the general contractor on said project.

28.     During the relevant period, Plaintiffs worked on the Crosby apartments project in the District of Columbia.  Defendant Harvey was the general contractor on said project.

~~22.~~29.  Plaintiffs typically worked ten hours per day, either Monday through Friday for a total of approximately fifty hours per week or Monday through Saturday for a total of approximately sixty hours per week.

~~23.~~30.  AEI did not pay Plaintiffs at the overtime premium rate of one and one-half times their regular hourly rates for all hours over forty worked in each one-week period.

~~24.~~31.  AEI did not pay Plaintiffs any wages for the last four weeks of Plaintiffs' employment.

~~25.~~32.  On May 25, 2023, Portillo gave each of the Plaintiffs a check for their wages drawn on the bank account of AEI.  All of the checks were returned unpaid by Plaintiffs' banks due to insufficient funds, and Plaintiffs incurred returned check fees as a result.

**COLLECTIVE ACTION ALLEGATIONS**

33.     Plaintiffs restate, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

34.     Plaintiffs bring Count One of this Complaint action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b).  The proposed collective is defined as follows:

> All current and former electrical workers employed by Aaron Electric, Inc. who were not paid overtime for all hours worked over

6

> 40 in workweeks compensable on or after August 23, 2020 (the "FLSA Collective").

35.    Plaintiffs and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked as electricians on construction projects and were subjected to the same AEI practice of not paying overtime wages as required by 29 U.S.C. § 207.  Resolution of this action requires inquiry into common facts, including, *inter alia*, AEI's compensation, timekeeping, and payroll practices applicable to electrical workers.

36.    The similarly situated employees are known to Defendants AEI and Portillo, are readily identifiable, and may be located through AEI's business records.

37.    These similarly situated employees may be readily notified of this action through direct U.S. mail, email, SMS message, and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

38.    Plaintiffs restate, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

39.    Plaintiffs bring this action individually and as a class action pursuant to Md. Rule 2-231 Fed. R. Civ. P. 23.

40.    Plaintiffs bring Count Two of this Complaint pursuant to the MWHL on behalf of themselves and the following class:

> All current and former electrical workers employed by Aaron Electric, Inc. in Maryland who were not paid overtime for all hours worked over 40 in workweeks compensable on or after August 23, 2020 (the "MWHL Class").

41.    Plaintiffs bring Count Three of this Complaint pursuant to the MWPCL on behalf

7

of themselves and the following class:

> All current and former electrical workers employed by Aaron Electric, Inc. in Maryland who were not paid any wages for hours worked in at least one week compensable on or after August 23, 2020 (the "MWPCL Class").

42.     Plaintiffs bring Count Four of this Complaint pursuant to the DCMWA on behalf

of themselves and the following class:

> All current and former electrical workers employed by Aaron Electric, Inc. in the District of Columbia who were not paid overtime for all hours worked over 40 in workweeks compensable on or after August 23, 2020 (the "DCMWA Class").

43.     Plaintiffs bring Count Five of this Complaint pursuant to the DCWPCL on behalf

of themselves and the following class:

> All current and former electrical workers employed by Aaron Electric, Inc. in the District of Columbia who were not paid any wages for hours worked in at least one week compensable on or after August 23, 2020 (the "DCWPCL Class").

44.     Plaintiffs bring Count Six of this Complaint pursuant to the VWPA on behalf of

themselves and the following class:

> All current and former electrical workers employed by Aaron Electric, Inc. in the District of Columbia who were not paid overtime for all hours worked over 40 in workweeks compensable on or after August 23, 2020 (the "Virginia Overtime Class").

45.     Plaintiffs bring Count Seven of this Complaint pursuant to the VWPA on behalf of

themselves and the following class:

> All current and former electrical workers employed by Aaron Electric, Inc. in Virginia who were not paid any wages for hours worked in at least one week compensable on or after August 23, 2020 (the "VWPA Class").

46.     The members of the foregoing Classes are so numerous that joinder of all

members is impracticable.  Upon information and belief, there are in excess of 50 members in each of the Classes.

47.     Plaintiffs will fairly and adequately represent and protect the interests of the Classes because there is no conflict between the claims of Plaintiffs and those of the Classes, and Plaintiffs' claims are typical of the claims of the Classes.  Plaintiffs' counsel are competent and experienced in litigating wage and hour and other complex labor matters, including class and collective actions like this one.

48.     There are questions of law and fact common to the proposed Classes, which predominate over any questions affecting only individual Class members, including, without limitation: whether AEI and Portillo violated and continue to violate Maryland, District of Columbia, and/or Virginia law through its policies or practices of not paying overtime wages for hours worked over 40 in a workweek, and not paying Plaintiffs and Class members wages for their last four weeks of work.

49.     Plaintiffs' claims are typical of the claims of the Classes in the following ways, without limitation: (a) Plaintiffs are members of each of the Classes; (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Classes; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the Classes and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the Class members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the Class members.

50.     Class certification is appropriate under Md. Rule 2-321 because questions of law and fact common to each Class predominate over any questions affecting only individual Class members.

51.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Classes are readily identifiable from Defendant AEI's own records.  Prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for Defendants.

52.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Furthermore, the amounts at stake for many of the members of the Classes, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

53.     Without a class action, Defendants will retain the benefit of their wrongdoing, which will result in further damages to Plaintiffs and the Classes.  Plaintiffs envision no difficulty in the management of this action as a class action.

**COUNT ONE**
**FLSA Overtime Violations**

1.     Plaintiffs, individually and on behalf of the FLSA Collective, restate, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

2.     The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

10

3.      Defendants are an "enterprise" as defined by 29 U.S.C. § 203(r)(1) and are engaged in commerce within the meaning of 29 U.S.C. § 203(b), (s)(1).

4.      Plaintiffs and the FLSA Collective are non-exempt covered employees. 29 U.S.C. § 203(e)(1).

5.      Plaintiffs and the FLSA Collective have worked more than forty hours per week for Defendants during the applicable time period.

6.      Defendants have not properly compensated Plaintiffs or the FLSA Collective for their overtime hours as required by the FLSA.

7.      Defendants failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiffs and the FLSA Collective.

8.      Defendants knew Plaintiffs and the FLSA Collective worked overtime without proper compensation, and they willfully failed and refused to pay Plaintiffs and the FLSA Collective wages at the required overtime rates. See 29 U.S.C. § 255.

9.      As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages.  Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

10.     Defendants IDBI, Jennings, Harvey, and Davis are jointly and severally liable for AEI's violations under the FLSA joint employment doctrine.

WHEREFORE, Defendants are liable to Plaintiffs under Count One for overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

11

## COUNT TWO
**MWHL Overtime Violations**

26.11.  Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

27.12.  AEI and Portillo's failure to pay Plaintiffs wages at the rate of one and one-half times their regular hourly rates for hours worked in excess of forty in each one-week period violated Md. Code Ann., Lab. & Emp. §3-415.

28.13.  AEI and Portillo's failure to pay overtime wages as required by Md. Code Ann., Lab. & Emp. §3-415 was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiffs consistent with the MWHL but did not do so.

29.14.  As a result of AEI and Portillo's unlawful conduct, Plaintiffs suffered a loss of wages and consequential damages.

30.15.  Under Md. Code Ann., Lab. & Emp. §3-507.2(c), IDBI is and Jennings are jointly and severally liable for AEI's overtime violations on work it subcontracted to AEI.

31.    Under Md. Code Ann., Lab. & Emp. §3-507.2(c), PDI is jointly and severally liable for AEI's overtime violations on work it subcontracted to AEI.

WHEREFORE, Defendants are liable to Plaintiffs under Count Two for overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT THREE

WHEREFORE, Defendants are liable to Plaintiffs under Count One for overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and

12

~~further relief this Court deems appropriate.~~

### ~~COUNT TWO~~
### MWPCL Wage Payment Violations

~~32.~~16.  Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

~~33.~~17.  Under the MWPCL, AEI and Portillo were obligated to pay all wages due for the work Plaintiffs performed, including promised regular rate wages and overtime.

~~34.~~18.  AEI and Portillo's failure and refusal to pay all wages due to Plaintiffs was not the result of any *bona fide* dispute.

~~35.~~19.  As a result of AEI and Portillo's unlawful conduct, Plaintiffs suffered a loss of wages and consequential damages.

~~36.~~20.  Under Md. Code Ann., Lab. & Emp. §3-507.2(c), IDBI ~~is~~and Jennings are jointly and severally liable for AEI's wage payment violations ~~on work it subcontracted to AEI.~~

~~37.     Under Md. Code Ann., Lab. & Emp. §3-507.2(c), PDI is jointly and severally liable for AEI's wage payment violations on work it subcontracted to AEI.~~

WHEREFORE, Defendants are liable to Plaintiffs under Count ~~Two~~Three for three times (3x) the amount of all unpaid wages, reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT FOUR
### ~~COUNT THREE~~
### DCMWA Overtime Violations

~~38.~~21.  Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

~~39.~~22.  AEI and Portillo's failure to pay Plaintiffs for work performed in the District of Columbia at the rate of one and one-half times their regular hourly rates for hours worked in excess of forty in each one-week period violated D.C. Code § 32-1003(c).

13

40.23.  AEI and Portillo's failure to pay overtime wages as required by the DCMWA was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiffs consistent with the DCMWA but did not do so.

41.24.  Under D.C. Code § 32-1012(c), IDBI isand Harvey are jointly and severally liable for AEI's overtime violations on work it subcontracted to AEI.

42.    Under D.C. Code § 32-1012(c), PDI is jointly and severally liable for AEI's overtime violations on work it subcontracted to AEI.

WHEREFORE, Defendants are liable to Plaintiffs under Count ThreeFour for overtime wages in such amounts as are proven at trial, plus treble liquidated damages, interest (both pre- and post- judgment), attorney's fees at hourly rates listed in the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000) and updated to account for the market hourly rates for attorney services at the time the determination is made, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT FOURFIVE
### DCWPCL Wage Payment Violations

43.25.  Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

44.26.  Under the DCWPCL, AEI and Portillo were obligated to pay all wages due for the work Plaintiffs performed in the District of Columbia, including promised regular rate wages and overtime.

45.27.  As a result of AEI and Portillo's unlawful conduct, Plaintiffs suffered a loss of wages and consequential damages.

46.28.  Under D.C. Code § 32-1303(5), IDBI isand Harvey are jointly and severally liable for AEI's wage payment violations on work it subcontracted to AEI.

47.    Under D.C. Code § 32-1303(5), PDI is jointly and severally liable for AEI's wage

14

~~payment violations on work it subcontracted to AEI.~~

WHEREFORE, Defendants are liable to Plaintiffs under Count ~~Four~~Five for unpaid wages in such amounts as are proven at trial, plus treble liquidated damages, interest (both pre- and post-judgment), attorney's fees at hourly rates listed in the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000) and updated to account for the market hourly rates for attorney services at the time the determination is made, the costs of this action, and any other and further relief this Court deems appropriate.

<u>**COUNT** ~~FIVE~~SIX</u>
**VWPA <u>Overtime</u> Violations**

~~48.~~29.  Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

~~49.~~30.  The VWPA mandates that employers must pay their employees all wages they are due, including ~~promised regular rate wages~~ and overtime.

~~50.~~31.  AEI and Portillo's failure and refusal to pay Plaintiffs <u>overtime</u> for work performed in Virginia as required by the VWPA was knowing inasmuch as they had actual knowledge of their obligation to pay Plaintiffs in compliance with the VWPA or acted in deliberate ignorance or reckless disregard of that obligation.

~~51.~~32.  As a result of AEI and Portillo's unlawful conduct, Plaintiffs suffered a loss of wages.

~~52.~~33.  Under Va. Code §11-4.6(C), IDBI ~~is~~and Davis are jointly and severally liable for AEI's ~~wage payment~~overtime violations ~~on work it subcontracted to AEI~~.

~~53.    Under Va. Code §11-4.6(C), PDI is jointly and severally liable for AEI's wage payment violations on work it subcontracted to AEI.~~

WHEREFORE, Defendants are liable to Plaintiffs under Count ~~Five~~Six for three times (3x) the amount of all unpaid wages, reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

16

**COUNT SEVEN**
**VWPA Wage Payment Violations**

34.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

35.     The VWPA mandates that employers must pay their employees all wages they are due, including promised regular rate wages.

36.     AEI and Portillo's failure and refusal to pay Plaintiffs for work performed in Virginia as required by the VWPA was knowing inasmuch as they had actual knowledge of their obligation to pay Plaintiffs in compliance with the VWPA or acted in deliberate ignorance or reckless disregard of that obligation.

37.     As a result of AEI and Portillo's unlawful conduct, Plaintiffs suffered a loss of wages.

38.     Under Va. Code §11-4.6(C), IDBI and Davis are jointly and severally liable for AEI's wage payment violations.

WHEREFORE, Defendants are liable to Plaintiffs under Count Seven for three times (3x) the amount of all unpaid wages, reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

*/ s / Mariusz Kurzyna*

Mariusz Kurzyna (CPF # 1707170001)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
mkurzyna@zagfirm.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

17

I hereby certify that on February 13, 2024, a true and correct copy of the foregoing was filed electronically and served on all counsel of record through the Maryland Odyssey File and Serve Site.

_/ s / Mariusz Kurzyna_
Mariusz Kurzyna

18